## No. 10,854.

### THOMAS H. GALE VS. JOHN O'CONNOR.

1. In case a public administrator obtains an order of court to sell property of a vacant estate, and, under regular proceedings thereafter, the same is sent to sale, and adjudicated for a price actually and really paid, he can. not be proceeded against, as a *negotiorum gestor*, by persons claiming an interest in said succession and property, on averment that such sale.was the result of a fraudulent conspiracy on the part of *others*, in which said public administrator did not participate.

2. He is entitled to be dealt with as public administrator, and not as a *negotiorum gestor*.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner,..J.*

*Rouse & Grant* for Plaintiff and Appellant:

1. A direct action of nullity will not lie to set aside a probate sale made in East Baton Rouge parish in 1872, in succession proceedings provoked by the public administrator. Field vs. Gagne and wife, 31 An. 182; Chapman Ex. vs. Nelson, Id. 341.

2. If it lies, plaintiff should not be required to bring it, but should be allowed to attack the sale collaterally, for lack of jurisdiction. Weeks vs. M. L. S. and W R. R. Co., 47 N. W. Rep. 787. ·

3. The sale may be attacked collaterally, for lack of jurisdiction as to the res, or the necessary jurisdictional steps. Pasteur et al. vs. Lewis and Lynd, 39 An. 7, 8; Wilson, curator, vs. Imboden, 8 An. 140; Burns vs. Van Loan, 29 An. 560; Burton and Wife vs. Brugiere and Sheriff, 30 An. 478; O'Donald vs. Lobdell, 2 La. 299; Bishop vs. Hampton, 15 Ala. 761; Farrar vs. Dean, 24 Mo. 16; Succession of Curley, 18 An. 728; Succession of White, 9 An. 232; Gernon vs. Bostick, 15 An. 697; Beale vs. Walden, 11 Rob. 67; Miltenberger vs. Knox, 21 An. 399; Clemens vs. Comfort, 26 An. 269; Noda vs. Fontenot, 2 An. 782; Harris vs. Norris Heirs, 11 Martin O. S. 297; Beauregard vs. Lampton, 33 An. 827; O'Donaghan vs. Knox, 11 La. 384; Thompson vs. Whitman, 13 Wall. 457; Ferguson vs. Crawford, 70 N. Y. 253; Bloom vs. Burdick, 1 Hill, 138; Starbuck vs. Murray, 5 Wend. 148; People's Sav. Bank vs. Wilcox, 15 R. I. 258; Augustin vs. Avilla, 29 An. 837; Sevier vs. Sargent, 25 An. 220; Fowler vs. Gordon, 24 An. 270; De la Ferriere vs. England, 27 An. 686; Woolfolk vs. Woolfolk, 30 An. 139; Maspero vs. Urquhart, 24 An. 114; Martin vs. Cannon et al., 25 An. 225; State ex rel. Pearson vs. Judge, 22 An. 61; Beckham vs. Henderson, 23 An. 446; Calvit vs. Mulholland, 12 Rob. 258; Womack vs. Womack, 2 An. 339; Le Page vs. Gaslight Co. 7 Rob. 183; Elliot vs. Labarre, 2 La. 326; Galpin vs. Page, 18 Wall. 350; Crepps vs. Durden, 1 Smith, Lead. Ca. 978; Gaines vs. Dela Croix, 6 Wall. 720; Thatcher vs. Powell, 6 Wh. 119; Elliot vs. Piersol, 1 Peters, 328; Williamson vs. Berry, 8 How. 495.

4. The sale in this case was void because there were no debts alleged or proved. Burns vs. Van Loan, Burton and Wife vs. Brugier and Sheriff, O'Donald vs. Lobdell, Bishop vs. Hampton, Farrar vs. Dean, supra, and Succession of Dumestre, 40 An. 571; Succession of Walker, 32 An. 321; Freeman Judicial Sales, 174, 175; Duncan vs. Veal, 49 Tex. 603; Paul vs. Willis, 7 S. W. Rep. 357; Harwood vs. Wylie, Id. 789.

5. The sale was void because the appointment of administrator was made before inventory. Shelby vs. Bacon, 16 How. 56.

6. It was void because the inventory showed a value more than the jurisdictional amount under Art. 1190, C. C.

7. It was void because no notice was given of the application for appointment of administrator. Girod's Heirs vs. Girod's Ex'rs., 18 La. 394; King vs. Lastrapes, 18 An. 582; Pfarr & Kullman et al. vs. Belmont, 37 An. 294; Succession of Henderson, 2 Rob. 391; Succession of Talbert, 16 An. 230; Succession of Gusman, 35 An. 404; Succession of Curley, 18 An. 728; Succession of White, 9 An. 232; Love vs. Banks, 3 La. 480; Succession of Porter, 5 Rob. 96; Caldwell et al. vs. Glenn, 6 Rob. 9; Succession of Phelan, 20 An. 355.

8. The sale was void because not advertised for thirty days, the property sold being immovable; Brush vs. Ware, 15 Peters, 93; Soye vs. Maverick, 18 Texas, 100; Case of Lettrius Alrio, Copp's Land Owner, 1886, 163; Gernon vs. Bostick, 15 An. 697; Succession of Weber, 16 An. 420; Civil Code, 1164, 1166; Succession of Hebrard, 18 An. 485.

The sale was void because the succession having been accepted by heirs many years before, did not exist in 1872. Pasteur et al. vs. Lewis & Lynd, Beale vs. Walden, Miltenberger vs. Knox, Clemens vs. Comfort, Harrod vs. Norris Heirs, Beauregard vs. Lampton, Soye vs. Price, Augustin vs. Avilla, Sevier vs. Sargent, Fowler vs. Gordon, De la Ferriere vs. England, Woolfolk vs. Woolfolk, Maspero vs. Urquhart, Martin vs. Cannon et al., State ex rel. Pearson vs. Judge supra, and Succession of Durnford, 25 An. 456; Succession of Hacker, 28 An.

446; Succession of Grehan, 25 An. 334; Beckham vs. Henderson, O'Donald vs. Lobdell, Le Page vs. Gaslight Co., Calvit vs. Mulholland, and Womack vs. Womack, supra.

10. Such acceptance would be presumed in favor of the heirs against a stranger, if it were not averred. Civil Code, 1014, 1017; Ware et al. vs. Jones, 19 An. 428; Edwards vs. Ricks, 30 An., Part 2, 926.

11. By provoking the probate proceedings and sale, defendant became liable to the heirs as *negotiorum gestor* or constructive trustee. McClendon vs. Bradford, 42 An. 160; Civil Code, 2295, 2298; 1 Perry on Trusts, Secs. 211, 245, 265, 288; Christy vs. Sill, 95 Pa. St. 380; Weeks vs. Bosworth, 61 Wis. 78; Brush vs. Ware, 15 Pet 93; Hill on Trustees, 246, Notes, and 247; Fitz vs. Reichard, 20 An. 549; Waterhouse vs. Bourke, 14 An. 358; Sargent vs. Davis, 3 An. 353; Soileau vs. Rougeau, 2 An. 966.

## C. C. Bird for Defendant and Appellee:

1. The parish courts, created by the Constitution of 1868, were courts of general, unlimited jurisdiction in probate matters. Constitution of 1868, Arts. 73 and 87, C. P. 1870. Arts. 921 and 924.

2. The judgment of the parish court appointing an administrator and ordering a sale of property can not be attacked collaterally. Morgan vs. Locke, 28 An. 806; Duson vs. Dupré, 32 An. 896; Rils vs. Questi, 2 La. 249; Hogan vs. Thompson, 2 An. 539; Davis vs. Stevens, 10 An. 496; Lalanne's Heirs vs. Moreau, 13 La. 431; McNitt vs. Turner, 16 Wall. 352-366; Grignon's Lessee vs. Astor, 2 How. 319; Thompson vs. Tolmie, 2 Pet. 157; Mohr vs. Manierre, 101 U. S. 417; Comstock vs. Crawford, 3 Wall. 396; Thaw vs. Ritchie, 136 U. S. 519.

3. The existence of debts is not essential to the jurisdiction of the probate court to administer upon small vacant successions under Art. 1190, C. C.; Valderes, Executrix, vs. Bird, 10 Rob. 396; Beal vs Walden, 11 Rob. 67.

4. The appointment of an administrator of vacant succession under Art. 1190, C. C., before inventory, is an irregularity not affecting the jurisdiction of the court.

5. The appointment of the administrator without notice of the application therefor was an irregularity not going to the jurisdiction of the court. Rorer on Judicial Sales, Secs. 72 and 111; Succession of Curley, 18 An. 728, distinguished; Cross on Successions, 402.

6. Art. 1115 C. C. does not apply to proceedings under Art. 1190.

7. The land claim sold was movable and not immovable property, and therefore the ten days' notice of sale given was sufficient under 1167, C. C.

8. The allegation of acceptance in plaintiff's petition is insufficient. C. P. 1870, Art. 172; Idem, Art. 174; Idem, Art. 175; Ralston vs. Barclay, 6 Martin, O. S., 649; Barrett vs. Zacharie, 2 An. 655: Fuoilier vs. Robin, 4 An. 61; Seghers vs. Lemaitre, 5 An. 263.

9. Plaintiff is now barred from accepting the succession of his ancestor under Article 1030, C. C. Succession of Waters, 12 An. 97.

10. Defendant can not be held as *negotiorum gestor*, under Article 2295, C. C. Conceding the facts stated in the petition to be true, he is only a trespasser.

The opinion of the court was delivered by

WATKINS, J. Plaintiff seeks to charge the defendant as a *negotio-*

*rum gestor*, on the ground that he intermeddled with an unlocated land claim against the United States government, which was reported in favor of Christopher Gale (petitioner's) ancestor, in 1821, and confirmed in 1846—said ancestor having died in 1819.

It is alleged, substantially, that, in 1872, the defendant, being at the time public administrator for the parish of East Baton Rouge, pro-voked an administration of said ancestor's estate—same being alleged to be a vacant estate worth less than $500—and caused a simulated sale of said land claim, the only asset of the succession, to be made " for the bare costs of administration." And at the sale same was ostensibly adjudicated to D. W. C. Wheeler, who, on the faith of such adjudication, procured from the Surveyor General of Louisiana, in satisfaction thereof, the scrip authorized by act of Con-gress to be issued therefor; and upon which said surveyor general made an indorsement to the effect that said purchaser was the legal representative of said ancestor.

It is further alleged that said scrip was located upon certain pine lands in the State of Wisconsin, which were, in 1873, patented to " Christopher Gale, or his legal representatives, and that said lands have since been denuded of timber and sold for taxes, and put beyond reach and recovery by the heirs of said ancestor, of which the petitioner represents one-eighth."

The petition charges that the said succession proceedings were and are "null and void, for reasons apparent on their face, and because of the fact, *aliunde*, that the heirs of Christopher Gale had accepted his succession in the year 1828, and there was, therefore, no estate to administer in 1872."

It also charges that " the succession proceedings and sale, the pro-curement of the scrip, its location and patenting, were had, done and continued in pursuance of an agreement, or agreements, between D. W. C. Wheeler, * * the purchaser at the succession sale; A. G. Foster, who acted as his attorney; his brother, E. W. Foster, then sur-veyor general; D. J. Wedge, who acted as attorney for the defend-ant in the succession proceedings; and Chapman, Hosmer & Co., claim agents at Washington, D. C."

It is not charged that the defendant was a party to the alleged conspiracy, but it is avowed that he, perhaps ignorantly, permitted his office to be used in furtherance of same.

Alleging that all the other parties named reside beyond the juris-

diction of the court, the plaintiff seeks relief against the defendant alone—his averment being that "the defendant, by pretending to administer upon the succession of the said Christopher Gale, and the said land claim as [an] asset thereof, became liable as *negotiorum gestor* to your petitioner for his proportion of the value of the said right to satisfaction in certificates of location for the said land claim of the said Christopher Gale, and of the lands located therewith, viz., in the sum of $4000," etc.

The prayer of his petition is for judgment in keeping with the foregoing averments.

To this suit the defendant filed an exception of no cause of action; and, also, excepted on the ground that the proceedings in the succession of Gale, described in plaintiff's petition, were had and taken in pursuance of an order of the late parish court, of the parish of East Baton Rouge, acting as a court of probate; and that the defendant, as public administrator, acted thereunder.

That said judicial order has never been revised, or set aside, on appeal, or in a direct action of nullity; and that same cannot be collaterally attacked in this suit.

He therefore prays the dismissal of the suit.

On the trial of said exceptions, same were sustained and the suit dismissed, and from that judgment plaintiff prosecutes this appeal.

We are of opinion that the judge *a quo* correctly ruled in sustaining the defendant's exceptions and dismissing the plaintiff's suit.

As a cause of action we are disinclined to regard the averment as to defendant sufficient; for, notwithstanding it is specifically averred that the judicial sale and adjudication to Wheeler was *simulated*, it is admitted in the same sentence which contains that averment, that the sale had a consideration to the extent of "the costs of administration;" and, notwithstanding it is alleged that this sale was procured and consummated by the means and instrumentality of a conspiracy entered into by and between certain named persons, it is distinctly stated that the defendant is not charged to have been a *particeps criminis*, but it is averred that "he, *perhaps ignorantly, permitted his office to be used in furtherance of the same.*" These two averments and judicial admissions are inconsistent with the following averment, that the defendant had rendered himself liable as an intermeddler "by pretending to administer" the succession of Gale, and destituting it of said property.

46

It is clearly inconsistent to charge the defendant with responsibility as a *negotiorum gestor*, and at the same time to admit that he, as public administrator, procured from the probate court an order for the sale of this property, while ignorant of the alleged conspiracy on the part of others to procure the disposition of the same.

But if it be conceded that plaintiff's petition discloses a cause of action, it is clear that the order of court, and the proceedings thereafter, can not, on such averments as those previously quoted, be collaterally attacked, or questioned in suits between other parties.

The court that granted the order had complete jurisdiction of the *res*. The defendant was public administrator *de jure et de facto*. The property was duly inventoried and advertised; and it is admitted that at the sale a small consideration was paid. It will not suffice to say *now* that there were no debts due the deceased *then*.

In Webb vs. Keller, 39 An. 55, we said on this subject:

"The complaint is made of the order of the court directing the sale, on the ground that the estate  *  *  *  owed no debts, etc. *  *  *  The debts were subsequently placed upon the tableau, and proved to the satisfaction of the judge who was competent, etc. *  *  *  This was a mere irregularity, and not a cause to challenge the proceeding as null and void.

The same principle was affirmed in Linman vs. Riggins, 40 An. 764.

The defendant must be dealt with as public administrator and not *negotiorum gestor*.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

WATKINS, J.   We have carefully examined the plaintiff's elaborate application for rehearing, and the printed record, opinion, exhibits and brief accompanying same without being convinced that our opinion is erroneous.

The theory of plaintiff's case is that defendant is liable, and can be proceeded against as a *negotiorum gestor;* and our opinion holds, that on the state of facts presented he is not *prima facie* liable in that capacity.

The *gravamen* of the application is that his petition alleges it to be a fact—not a fact apparent of record; not a fact known to the defendant—but a fact *aliunde* " that the heirs of Christropher Gale had accepted his succession in the year 1828, and there was no estate

to administer in 1872 "—hence, the administration was a fiction. This may have been perfectly true as matter of fact; but without allegation of defendant's *knowledge* of such a condition of things, it would be intolerable that he should be held as a wrong-doer; while it would be permissible that the alleged conspirators should be so held and made responsible for the avails thereof, as well as for the consequences of their acts.

Nothing in the opinion is intended to deprive the plaintiff of any remedy or redress she may have against other parties, and the same is fully reserved.

Rehearing refused.